DOUGHERTY, Appellant, v. VAN OVERSHELDE, et al.,
Respondents.

(187 N. W. 48.)

(File No. 5120.   Opinion filed April 26, 1922.)

**1.   Payment, Check, Whether Payment.**

As has been repeatedly held by this Court, a check is not
payment.

**2.   School and Public Lands—Leasing, Non-payment of Rental, Option to Bring Suit or Declare Forfeiture Therefor—Declaration of Forfeiture as Exercise of Option.**

Where, under plaintiff's offer to lease certain school and
public lands, plaintiff (the commissioner not having approved
the lease,) defaulted in payment of first annual rental due
under terms of proposed lease, held, that under Sec. 5645,
Code 1919, making it optional with commissioner to bring suit
against lessee or declare lease forfeited where such default has
occurred, the commissioner, by his declaration of forfeiture of
the lease, exercised such option.

**3.   Appeals—School and Public Lands, Injunction by Alleged Lessee Against Lessee, Judgment for Defendant, Plaintiff's Application for Stay on Appeal—Statute as Non-applicable.**

Where, in a suit by an alleged lessee of school and public
lands, against one to whom the land was subsequently leased
(plaintiff's offer to lease never having been approved by the
commissioner, and default having been made in payment of first
annual rental under proposed lease,) the county treasurer and
commissioner of school and public lands being co-defendants,
the suit being for an injunction enjoining defendants from in-
terrupting or interfering with plaintiff's peaceable possession
of the land; judgment on trial having been rendered in favor
of defendants, from which judgment plaintiff appeals and ap-
plied to this Court for an order fixing amount of a stay bond
pending appeal; the application having been made under Sec.
3161, Code 1919; held, under the facts and circumstances
shown such application should have been denied.

Appeal from Circuit Court, Sanborn County.   Hon. FRANK
B. SMITH, Judge.

Action by M. P. Dougherty, against Emiel Van Overshelde,
Allen DeGroff, as County Treasurer of Sanborn County, South
Dakota, N. E. Knight, as Commissioner of School and Public
Lands of the State of South Dakota, and another.   From a judg-
ment for defendants, and from an order denying a new trial,

plaintiff appeals. On application by plaintiff to fix amount of a stay bond pending the appeal. Application denied.

SHERWOOD, J., not sitting.

*P. A. Hosford,* for Appellant.

*Byron S. Payne,* Attorney General, for the State.

*Spangler & Wire,* for Defendant Van Overshelde.

ANDERSON, J. This is an application to this court on the part of plaintiff to fix the amount of a stay bond pending appeal from the circuit court of Sanborn county, staying all further proceedings, including issuance of execution and dissolution of temporary injunction. The showing is made under the provisions of section 3161, R. C. On the trial in the lower court findings and conclusions were made and a judgment entered in favor of defendants and against plaintiff. The lower court refused to fix or approve a stay bond pending appeal.

From the showing it appears without dispute that about September 26, 1921, plaintiff entered into a tentative lease with this state for the leasing of certain lands, described, in Sanborn county, for a period of five years, commencing January 1, 1922, and that as payment of the first year's rental he gave his check in the sum of $800 upon the Winner National Bank, this state, payable to the county treasurer of said county, and by him deposited in the First National Bank of Woonsocket, this state, and as county treasurer received credit therefor; that thereafter said check was transmitted to the Federal Reserve Bank at Minneapolis for clearance; that while said check was in transit in the mails from the First National Bank of Mitchell said check was lost; that the Federal Reserve Bank on October 27, 1921, notified the Winner National Bank that said check had been lost in transit, but it is claimed that such notice did not reach plaintiff until the latter part of January, 1922; that on January 27, 1922, plaintiff drew upon the Winner National Bank a duplicate check for $800 payable to the county treasurer of said county for the first year's rental of the land aforesaid; this check was mailed to said treasurer and was by him received January 29, 1922, and was refused, and returned to plaintiff; plaintiff thereupon mailed to defendant treasurer a draft in the sum of $800 issued by the Winner National Bank payable to said county treasurer, and the same was by said treasurer refused and returned; that thereupon plaintiff

tendered said treasurer the sum of $800 in cash, which was also refused.

[1, 2] It further appears that plaintiff's offer to lease the premises was never approved by the commissioner of school and public lands of this state, or signed by the governor, by reason of plaintiff's failure to pay the first annual rental under the terms of the proposed lease; that on or about January 21, 1922, said land was offered for re-lease, and that at such letting defendant Overshelde was the highest bidder therefor, in that he bid the sum of $960 per annum for a period of five years; that pursuant to such bid a lease in due form was, by the commissioner of school and public lands of this state, delivered to said defendant. This court has repeatedly held that a check is not payment. Under the provisions of section 5645, R. C., upon failure to pay rental, it is optional with the commissioner to bring suit against the lessee or declare the lease forfeited. This option was by the commissioner exercised by a declaration of forfeiture of the lease.

[3] In view of all the facts and circumstances surrounding this application, we are of the view that the application for fixing of the stay bond on appeal should be, and is hereby, denied.

SHERWOOD, J., not sitting.